**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DAQUAN TIRELL BOONE,<br><br>Plaintiff,<br><br>v.<br><br>CECIL COUNTY PRETRIAL SERVICES,<br>M. McCAIN,<br>JONATHAN REILLY,<br>MATTHEW CARR and<br>DANIEL BURTON,<br><br>Defendants. | Civil Action No.: BAH-25-2663 |

## MEMORANDUM OPINION

Self-represented Plaintiff Daquan Tirell Boone filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Fourth and Fourteenth Amendment rights. ECF 6 (amended complaint). Defendants Matthew Carr and Cecil County Pretrial Services ("CCPS") filed a motion to dismiss on January 27, 2026.[1] ECF 11. Boone opposes the motion. ECF 15. He also filed a motion for leave to file a second amended complaint on February 24, 2026. ECF 16. Defendants Carr and CCPS oppose Boone's motion. ECF 18. Boone replied.[2]

[1] Defendants McCain, Reilly, and Burton have not entered an appearance in this case. The motion notes that "[t]here are no such people with th[e] name[s M. McCain, Jonathan Reilly, and Daniel Burton], but in any event, the Complaint fails to state a claim and should be dismissed." ECF 11-1, at 1. The Court notes that based on the documentation provided by Boone in the complaint, defense counsel could have made some effort to properly identify these individuals instead of simply claiming that they do not exist. Boone clearly did his best to determine their names based on their signatures as written on the violation report that is at the heart of his allegations. ECF 6-1, at 5; ECF 6-2, at 1.

[2] Boone styles his reply as a "motion for leave to file surreply," however, as the movant he is entitled to file a reply and no leave of Court is necessary. His motion will be granted to the extent his proposed surreply will be considered as his reply to the opposition.

ECF 19. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons stated below, the motion to dismiss will be granted and Boone's motion will be denied.

## I. BACKGROUND

On January 23, 2025, Boone was released from custody on bond under Pretrial Level 3 Supervision with GPS monitoring pending criminal charges in state court. ECF 6, at 2. Boone claims that the only condition of his release was that he stay away from 126 Goldspire Drive in Elkton, Maryland. *Id.* Boon alleges that Defendants M. McCain and Jonathan Reilly submitted a false report claiming Boone had entered "the exclusion zone" at the prohibited address on January 28, 2025. *Id.*; *see also* ECF 6-2 (Cecil County Community Corrections Request for Termination of Pre-Trial Service Program). Boone claims the report was "unverified and inaccurate" and served as the basis for a request to terminate his pretrial release and ultimately a bench warrant from the Circuit Court of Cecil County. ECF 6, at 2; *see also* ECF 6-3 (bench warrant).

On this warrant, Boone was arrested and detained without bond at Cecil County Detention Center ("CCDC"). ECF 6, at 2. Boone informed Defendants Warden Matthew Carr and Captain Daniel Burton that he had been falsely arrested. *Id.* He claims both Carr and Burton have the authority to verify his status but failed to contact CCPS. *Id.* at 2–3. Boone claims he was incarcerated "until the error was later corrected by the court" and that he was granted an acquittal on all charges on July 28, 2025. *Id.* at 3; *see also* ECF 6-4 (Circuit Court of Cecil County minutes for July 28, 2025, hearing).

Boone attaches a letter written to the Attorney Grievance Commission of Maryland ("AGC") regarding a complaint Boone made against one of the prosecutors in his case. ECF 6-5 (letter to AGC from attorney for prosecutor). The letter includes details of the allegations against Boone and states that on January 29, 2025, Boone's "GPS monitoring system alerted that [] Boone

had entered the exclusion zone around [126 Goldspire Drive]." ECF 6-5, at 1-2. Due to this alleged infraction, the State sought a bench warrant which was issued two days later. *Id.* at 2. Boone was arrested on February 6, 2025, and released the following day after the court reinstated his bond. *Id.* at 2. On February 25, the above-challenged request to terminate Boone from the GPS monitoring program was submitted by Cecil County Community Corrections citing the same January 28 incident. *Id.* A second bench warrant issued and Boone was arrested on February 27; he spent one night in custody. *Id.* The following day, the Court found that the bench warrant had been issued in error as the matter had already been addressed when he was arrested on February 6. *Id.*

Boone raises two counts: (1) Defendants McCain, Reilly, and CCPS violated his Fourth Amendment rights by unlawful seizure and (2) all Defendants violated his Fourteenth Amendment right to due process by causing his wrongful detention through a false warrant. ECF 6, at 3; ECF 6-1, at 5. Boone states that he did not suffer any physical injuries but endured emotional distress, mental anguish, and humiliation. ECF 6, at 3; ECF 6-1, at 5. He seeks compensatory and punitive damages. ECF 6, at 5.

## II. DEFENDANTS' MOTION TO DISMISS

Defendants Car and CCPS assert that the amended complaint should be dismissed because CCPS is not an entity subject to suit and Boone fails to state constitutional claims. ECF 11.

### A. Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

The Court is mindful that Boone is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

**B. Analysis**

First, Defendants Car and CCPS assert that CCPS must be dismissed because it is not a legal entity. ECF 11-1, at 3. The Court agrees. CCPS is not subject to suit because it is not a "person" under 42 U.S.C. § 1983[3] and, therefore, Boone's claims against it must be dismissed. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see Borkowski v. Baltimore Cnty.*, 414 F. Supp. 3d 788, 804 (D. Md. 2019) (finding that the

[3] That section states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added).

Baltimore County Police Department is not *sui juris* because it is simply an agency of Baltimore County).

Boone raises a Fourteenth Amendment claim against Warden Carr for failing to contact CCPS after Boone told him and Captain Burton that he had been falsely arrested. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). Here, Boone seeks to hold Carr liable because Boone's detention was unlawful. However, Boone fails to allege any plausible facts showing that Carr was personally involved in the filing of the purportedly false request for termination from the pretrial service program which, Boone alleges, led to his arrest. *See Dizzley v. Hixson*, C/A No. 2:20-cv-02613-SAL-JDA, 2020 WL 9211156, at *6 (D.S.C. Aug. 7, 2020) (finding that the defendant wardens were entitled to dismissal because the plaintiff's allegation that they could have made an inquiry about his charges was insufficient to demonstrate their personal participation in a constitutional violation). As Boone does not otherwise plead any specific allegations against Carr, he is entitled to dismissal of this action. The same reasoning extends to Burton. Accordingly, the motion to dismiss shall be granted and the claims against CCPS, Carr, and Burton dismissed.

## III. BOONE'S MOTION TO FILE SECOND AMENDED COMPLAINT

Boone seeks a second opportunity to amend his complaint in order to address the deficiencies raised in the pending motion to dismiss and to otherwise "clarify, expand, and refine the factual allegations and legal theories in the interest of justice." ECF 16, at 1–2.

**A. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Fed. R. Civ. P. 15 dictates that "[t]he court should freely give leave when justice so requires." *Id.* Where the proposed amendment to the complaint is futile, however, this Court has the discretion to deny leave to amend. Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citing *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). In assessing whether Boone's proposed amendments would be futile, the Court will screen the proposed amendment pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1). This statute permits the Court to dismiss a claim if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

**B. Proposed Claim Against Cecil County**

Boone's most significant amendment is substituting Cecil County for CCPS and suing the County for municipal liability. ECF 16-1, at 5. He states that the County has "a policy, practice, or failure to train regarding accuracy safeguards in pretrial monitoring." *Id.* ¶ 40. Boone contends

that the County "failed to ensure proper procedures for verifying GPS exclusion violations before seeking revocation," causing his unlawful detention. *Id.* ¶¶ 41–42.

In pursuing a municipal liability claim, a plaintiff must demonstrate two elements. First, they must establish the existence of a constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (jury's finding that a police officer inflicted no constitutional injury on the plaintiff removed any basis for municipal liability against city and members of police commission); *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) (§ 1983 claim of inadequate training or supervision cannot be established without a finding of a constitutional violation on the part of the person being supervised); *see also Dawson v. Prince George's Cnty.*, 896 F. Supp. 537, 540 (D. Md. 1995). Second, a plaintiff must show that any constitutional violations were proximately caused by a policy, custom, or practice of the defendants. *See Monell*, 436 U.S. at 691, 694. Municipal policy arises from written ordinances, regulations, and statements of policy, *id.* at 690; decisions by municipal policymakers, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986); and omissions by policymakers that show a "deliberate indifference" to the rights of citizens. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Even if the Court assumes that Boone can sufficiently state a claim for violation of his constitutional rights, he fails to allege with any specificity facts demonstrating that those actions were caused by a Cecil County policy, custom, or practice. Stated differently, Boone's allegations are unsupported and conclusory. He does not identify any written policies, decisions by Cecil County policymakers, or other pervasive practices. Boone points only to the allegedly inaccurate GPS coordinates in his own case to support his claim that this is a county-wide problem. More is required to plead municipal liability.

### C. Claims Against Individual Defendants

Boone otherwise seeks to bring the same Fourth and Fourteenth Amendment claims against the other defendants in their individual capacities. ECF 16, at 3. He claims that McCain and Reilly "knowingly, or with reckless disregard for the truth, submitted false or materially misleading information asserting [Boone] entered the exclusion zone." ECF 16-1, at 4 ¶ 30. Furthermore, he states that this fabrication "or reckless reliance on false evidence" violated his due process rights. *Id.* at 5 ¶ 36.

Boone's proposed amendment alleges that he resides in Severna Park, Maryland, two hours away from the exclusion zone and did not enter the zone at any time during his supervision. *Id.* at 2 ¶¶ 7–8. In January 2025, he was unexpectedly detained after reporting for a scheduled drug test. *Id.* ¶ 10. He denied having entered the exclusion zone and requested to see the evidence of his presence there. *Id.* ¶¶ 11–12. No documentation or details were shared with Boone. *Id.* at 3 ¶¶ 13–14. McCain and Reilly signed and submitted a written report to the circuit court about the alleged violation, which did not disclose Boone's denial of the allegation or any independent corroboration of the GPS coordinates. *Id.* ¶¶ 15–19. This report was the sole basis for the bench warrant issued on February 25, 2025. *Id.* ¶ 20.

As to Warden Carr and Burton, Boone does not plead any new facts showing that either of them personally participated in a constitutional violation. He states only that "[n]o investigation was conducted by detention official to verify the claim before or during [Boone's] confinement." *Id.* at 3 ¶ 23. He does not even specifically attribute this failure to Carr and Burton. Boone alternatively asserts that Carr is subject to supervisory liability. ECF 19, at 2. A supervisor may be liable for the violations of their subordinates if the supervisor knew the subordinates engaged in conduct that posed an unreasonable risk of constitutional injury and failed to respond in such a

manner that gives to an inference of deliberate indifference or tacit authorization of their subordinates' bad acts. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Liberally construing his claim as seeking to hold Carr liable for Burton's alleged failures, this claim fails. Boone has not sufficiently alleged a constitutional violation by Burton and therefore Carr could not have been deliberately indifferent to any bad act. Boone's allegations are therefore insufficient to support personal or supervisory liability claims against Carr and Burton.

Remaining are Defendants McCain and Reilly, who, as noted, defense counsel contends are not individuals who exist. *See supra* note 1. Their identification, however, is ultimately unnecessary because Boone's initial complaint and proposed amendment fails to state a plausible claim for relief under the Fourth and Fourteenth Amendments. As such, amendment would be futile and these defendants must be dismissed.

Boone styles his Fourth Amendment claim in the proposed amended complaint as one for unlawful seizure, *see* ECF 16-1, at 4, which the Court will construe as a claim for false arrest, *see Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (analogizing a Fourth Amendment unreasonable seizure claim and Fourteenth Amendment due process claim to false arrest and malicious prosecution claims, respectively).[4] In order to state a claim under § 1983 for false arrest, plaintiffs must show that each arrest was made without probable cause. *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974). Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck*

[4] If the Court were to construe Boone's claim as one for malicious prosecution, the same analysis would hold true as "[b]oth claims require [the plaintiff] to prove he was seized without probable cause." *English v. Clarke*, 90 F.4th 636, 645–46 (4th Cir. 2024) (citations omitted).

*v. State of Ohio*, 379 U.S. 89, 91 (1964); *accord Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 466 (4th Cir. 2013); *see also Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). A probable cause determination is governed by a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 230–31 (1983); *Smith*, 848 F.3d at 253; *United States v. Garcia*, 848 F.2d 58, 59–60 (4th Cir. 1988).

"[A]s a general matter, the fact that a neutral magistrate . . . issued the arrest warrant is the 'clearest indication that the officers acted in an objectively reasonable manner.'" *Jackson v. Carin*, 128 F.4th 525, 534 (4th Cir. 2025) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012)). But an arrestee can "challenge the probable cause finding by . . . 'mak[ing] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.'" *Id.* (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)).

"'Reckless disregard' can be established by evidence that an officer acted 'with a high degree of awareness of [a statement's] probable falsity,' that is, 'when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007) (quoting *Wilson v. Russo,* 212 F.3d 781, 788 (3d Cir. 2000)). "With respect to omissions, 'reckless disregard' can be established by evidence that a police officer [or other affiant] 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" *Id.* (quoting *Beauchamp v. City of Noblesville, Inc.*, 320 F.3d 733, 743 (7th Cir. 2003)). "A plaintiff's 'allegations of negligence or innocent mistake' by a police officer [or affiant] will *not* provide a basis for a constitutional violation. *Id.* 627–28 (quoting *Franks,* 438 U.S. at 171); *see also Jackson*, 128 F.4th at 534.

While Boone claims that the bond violation report was "unverified" and "inaccurate," and that the report itself was false, he does not claim that either McCain or Reilly knew or had reason to know that the factual basis for the report was false. In his proposed amendment, Boone specifies that McCain and Reilly were the individuals who signed and submitted the report. He also proposes additional claims that the report did not "disclose that [Boone] immediately denied the allegations," contain "any independent corroboration" or indicate "whether GPS drift, signal error, or monitoring inaccuracies were considered." ECF 16-1, at 4 ¶¶ 17–19. These allegations, however, do not rise to the level of reckless disregard necessary to state a false arrest claim. *See United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990) (finding omission of fact that eyewitnesses failed to identify defendant in photospread lineup did not constitute to reckless disregard and was, at worst, negligent); *United States v. Scrapp Inv. Co.*, 39 F.3d 1179 (4th Cir. 1994) ("[G]eneral denials of the allegations set forth by the government do not suffice to rebut the government's showing of probable cause." (citing *United States v. Parcels of Real Property, Known as 1933 Commonwealth Ave., Newton, MA,* 913 F.2d 1, 4 (1st Cir. 1990)). What's more, neither McCain nor Reilly had the authority to issue the warrant leading to his arrest, that power rests with the court. *See* Md. Rule 4-216.3(d) ("A court may issue a bench warrant for the arrest of a defendant charges with a criminal offense who is alleged to have violated a condition of pretrial release."); *see also Jackson*, 128 F.4th at 534. Further, a Fourth Amendment claim cannot be sustained on these allegations because Boone fails to allege that either McCain or Reilly personally arrested or seized him on February 27, 2025. *See Safar v. Tingle*, 859 F.3d 241, 246 (4th Cir. 2017) (finding that a false arrest claim cannot be stated where the defendant did not take part in the actual seizure and the arresting officer acted on a facially valid warrant). These allegations fail to state a Fourth Amendment claim.

Boone's proposed Fourteenth Amendment claim is based on the same allegations as the Fourth Amendment claim. *See* ECF 16-1, at 4–5 (framing his Fourteenth Amendment claim as one based on the alleged "[f]abrication of evidence or reckless reliance on false evidence" related to the "inaccurate and unverified GPS information"). The Fourth Amendment (by way of § 1983) is the proper vehicle through which to bring such a claim. *See Safar*, 859 F.3d at 245 (explaining that "a police officer who withholds exculpatory information does not violate the Fourteenth Amendment unless the officer's failure to disclose deprived the plaintiff of the 'right to a fair trial'" (quoting *Taylor v. Waters*, 81 F.3d 429, 436 n.5 (4th Cir. 1996))). For the same reasons noted above, Boone has not stated a claim for relief on this basis.

Nor has Boone stated a claim against any of these defendants related to the apparent erroneous issuance of the second bench warrant based on the same violation report that had previously been resolved. To be sure, spending even one night in custody based on what seemingly amounts to some sort of clerical error is no trivial matter. However, as noted, § 1983 is only available against defendants who personally participated in the alleged wrongdoing. *See Vinnedge*, 550 F.2d at 928. Neither the complaint nor the amended complaint contains any allegation that Reilly or McCain personally participated in the circumstances leading to the erroneous issuance of the second bench warrant. Such a claim must therefore be dismissed.

As such, the Court finds that Boone fails to state a plausible claim for relief and Defendants McCain and Reilly must be dismissed.

## IV. CONCLUSION

By separate order to follow, Defendants CCPS and Carr's motion to dismiss, ECF 11, will be granted, and Boone's motion to amend the complaint, ECF 16, will be denied. The complaint is dismissed as to Burton, McCain, and Reilly pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

September 4, 2026
Date

/s/
Brendan A. Hurson
United States District Judge